UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BMO BANK N.A.,**

    **Plaintiff,**

  v.                                        Case No. 2:24-cv-3749
                                                    Judge Edmund A. Sargus, Jr.
**JAK S. HAULER TRANSPORTING**       Magistrate Judge Elizabeth P. Deavers
**LLC,** *et al.***,**

    **Defendants.**

## ORDER

This matter is before the Court on Plaintiff BMO Bank N.A.'s Motion for Default Judgment Against Jak S. Hauler Transporting, LLC (ECF No. 12) and Motion for Entry of Default Against Jakhongir Khodjiev a/k/a Jackongir Khodjiev (ECF No. 15).

BMO Bank filed a verified Complaint against Defendants Jak S. Hauler Transporting, LLC and Jakhongir Khodjiev in July 2024. (ECF No. 1.) BMO Bank contends Defendants have defaulted on their payment obligations for two loans issued by BMO Bank for Jak S. Hauler's purchase of six semi-truck trailers, which are secured collateral for the loans. (ECF No. 1, ¶¶ 9–36.) Mr. Khodjiev, the sole member of Hauler Transporting, guaranteed the payment of the loans. (*Id.* ¶ 16.) BMO Bank claims Defendants are liable for breach of contract and replevin, and it seeks specific performance and injunctive relief, including the repossession of the six trailers. (*Id.* ¶¶ 40–70.)

Hauler Transporting received summons of process on November 13, 2024. (ECF No. 7.) It failed to answer or respond, and BMO Bank applied for an entry of default against it. (ECF No. 8.) The Clerk of Courts entered default as to Hauler Transporting on January 7, 2025. (ECF No. 10.) On January 28, 2025, BMO Bank moved for default judgment against Hauler Transporting.

(ECF No. 12.) Attached to that motion, BMO Bank included a proposed entry of default judgment including $272,776.16 in damages as of May 11, 2024 (with interest accruing at a rate of $127 per diem), $9,567.28 for payment of BMO Bank's attorney's fees and costs, and an injunction stating that BMO Bank is entitled to immediate possession of the trailers. (ECF No. 12-4, PageID 177–78.) BMO Bank also stated that its efforts to serve Mr. Khodjiev continued and that it sought default judgment against Hauler Transporting separately "to enforce the proposed order of possession and to recover its collateral so that it may mitigate damages." (*Id.* PageID 87 n.1.)

After BMO Bank filed its Motion for Default Judgment against Hauler Transporting, Mr. Khodjiev was served with process on April 2, 2025. (ECF No. 16.) BMO Bank applied for an entry of default against Mr. Khodjiev on May 1, 2025. (ECF No. 15.) The summons issued to Mr. Khodjiev was returned executed to the Court on August 26, 2025. (ECF No. 16.)

Mr. Khodjiev's deadline to answer or respond to the Complaint was April 23, 2025, and he did not answer or respond. (ECF No. 16.) Pursuant to Federal Rule of Civil Procedure 55(a), BMO Bank filed a declaration in support of its motion for entry of default. (ECF No. 15-2.) Accordingly, Mr. Khodjiev is in default under Rule 55(a). Because BMO Bank's claims against Hauler Transporting and Mr. Khodjiev are directly connected and relate to the same secured collateral, the Court will order BMO Bank to file a combined motion for default judgment.

The Court **GRANTS** Plaintiff BMO Bank N.A.'s Motion for Entry of Default Against Jakhongir Khodjiev a/k/a Jackongir Khodjiev (ECF No. 15). The Clerk is **DIRECTED** to enter default against Defendant Jakhongir Khodjiev, a/k/a Jackongir Khodjiev. The Court **DENIES without prejudice to refiling** Plaintiff's Motion for Default Judgment Against Defendant Jak S. Hauler Transporting. (ECF No. 12.) The Court **ORDERS** Plaintiff to file a combined motion for default judgment regarding both Defendants **within 14 days of this Order**.

This case remains open.

**IT IS SO ORDERED.**

**9/23/2025**                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                                   **EDMUND A. SARGUS, JR.**
                                                             **UNITED STATES DISTRICT JUDGE**