**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BMO BANK N.A.,**

**Plaintiff,**

**v.**

**JAK S HAULER TRANSPORTING LLC, *et al.*,**

**Defendants.**

**Case Number 2:24-cv-3749**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

**ORDER**

This matter is before the Court on Plaintiff BMO Bank N.A.'s Motion for Default Judgment. (ECF No. 20.)

BMO Bank filed a verified Complaint against Defendants Jak S. Hauler Transporting, LLC and Jakhongir Khodjiev in July 2024. (ECF No. 1.) BMO Bank alleges that Defendants have defaulted on their payment obligations for two loans issued by BMO Bank for Jak S. Hauler Transporting's purchase of six semi-truck trailers, which are secured collateral for the loans. (*Id.* ¶¶ 9–36.) Mr. Khodjiev, the sole member of Jak S. Hauler Transporting, guaranteed the payment of the loans. (*Id.* ¶ 2–3.) BMO Bank claims Defendants are liable for breach of contract and replevin, and it seeks specific performance and injunctive relief, including the repossession of the six trailers. (*Id.* ¶¶ 37–70.)

After struggling to serve Defendants, BMO Bank filed an Affidavit of Service for each Defendant on the docket. (ECF Nos. 7, 16; *see* ECF Nos. 5, 9, 13.) Neither Defendant pled nor otherwise defended in the case, so BMO Bank applied for entry of default against both. (ECF Nos. 8, 15); *see* Fed. R. Civ. P. 55(a). The Clerk of Courts entered default against each Defendant. (ECF Nos. 10, 19). BMO Bank now moves for default judgment under Federal Rule

of Civil Procedure 55(b)(2). (ECF No. 20.) It requests monetary damages in the amounts due under the loans, its attorneys' fees and expenses, an order of possession with respect to the collateral, an order for specific performance requiring surrender of the collateral, and injunctive relief in furtherance of the order of possession. (*Id.* PageID 206.)

Before entering default judgment under Rule 55(b), a court must: (1) verify that it has both subject matter jurisdiction over the action and personal jurisdiction over any defendant against whom it grants a default judgment and (2) determine whether the facts in the complaint state a claim for relief against the defendant. *Columbus Life Ins. Co. v. Sai Yu Su*, No. 1:25-cv-91, 2026 WL 982726, at *2 (S.D. Ohio Apr. 13, 2026) (Cole, J.) (citations omitted). "After confirming there is jurisdiction and a plausible claim, a court then must conduct an inquiry to establish the appropriate damages." *Id.* (citation modified).

Here, BMO Bank's Motion skips over the first two steps and immediately proceeds to damages. (*See* ECF No. 20.) The Court cannot proceed to damages without first resolving the threshold issues of jurisdiction and liability, which are not straightforward here. BMO Bank must establish subject matter jurisdiction as well as personal jurisdiction over both Defendants, including that service was proper under the Federal Rules of Civil Procedure and state law. The Court has concerns that service was not properly effectuated on Mr. Khodjiev under Virginia Code § 8.01-296(2)(b)—specifically that both steps required by the statute were not completed. Additionally, BMO Bank must show that its Complaint states a plausible claim under applicable state law.

For these reasons, (ECF No. 20) Plaintiff BMO Bank N.A.'s Motion for Default Judgment is **DENIED without prejudice** subject to refiling of a motion that addresses the above threshold issues. This case remains open.

**IT IS SO ORDERED.**

8/26/2026
**DATE**

s/Edmund A. Sargus, Jr.
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**